Filed 2/25/26  P. v. Rhodes CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GRANT CHARLES RHODES,<br><br>    Defendant and Appellant. | 2d Crim. No. B345586<br>(Super. Ct. No. 2023014681)<br>(Ventura County) |

Grant Charles Rhodes was charged with attempted murder (Pen. Code,[1] §§ 664/187, subd. (a), count 1) and assault with a deadly weapon (§ 245, subd. (a)(1), count 2).  The information also alleged that appellant inflicted great bodily injury (§ 12022.7, subd. (a)) and was released on bail in another case when he committed the charged crimes (§ 12022.1, subd. (b)).  A 2004 conviction for assault on a police officer was alleged as a prior serious felony conviction and "strike."  (§§ 667, 1170.12.)

---

[1] All further statutory designations are to the Penal Code.

After waiving his trial rights, appellant pleaded guilty to the assault charge and admitted inflicting great bodily injury, committing the crime while on bail in another case, and having a prior "strike" conviction.

The trial court sentenced appellant to 13 years in state prison, imposing the middle term of three years, doubled to six years because of the prior strike, plus five years for the prior serious felony conviction allegation and two years for the on-bail allegation.[2]  The trial court struck the enhancement for the great bodily injury allegation, and determined appellant's presentence credits to be 776 days.

We appointed counsel to represent appellant in this appeal. After an examination of the record, counsel filed an opening brief that raises no arguable issues.  Appellant filed a supplemental brief that also raises no arguable issues.  We affirm.

Appellant entered the victim's backyard and stabbed him in the neck with a boxcutter.  The victim grabbed the boxcutter and pushed appellant away.

In his supplemental brief, appellant seeks to "modify the plea" on the basis that he was "under duress" and was "forced to sign 13 years."  This contention is meritless.  Appellant, who was represented by counsel, entered his plea and admitted the special allegations pursuant to an agreed-upon disposition.  The trial court accepted the plea and expressly found that appellant understood the consequences of his pleas and admissions and that he made them "freely and voluntarily."

---

[2] Appellant pleaded guilty to two charges in the case for which he was out on bail.  The trial court exercised its discretion and reduced those offenses to misdemeanors at the time of sentencing.

Appellant also seeks appointment of counsel in a "related case" to demonstrate prejudice, contending that the prosecution failed to produce an "exculpatory" report related to his 2004 conviction. This contention has been raised and rejected in prior habeas petitions, including the petition filed on July 14, 2025, B347558, which we deny. (See *In re Clark* (1993) 5 Cal.4th 750, 767-768, 797 [successive petitions will be summarily denied].)

We have reviewed the entire record and are satisfied that appellant's counsel has fully complied with his responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436.)

*Disposition*

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.


We concur:


BALTODANO, J.


CODY, J.

3

R. Paul Kawai, Judge
Superior Court County of Ventura

_____


Jennifer Peabody, Executive Director, Richard B. Lennon, Staff Attorney, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.